IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELLIS MOTOR CARS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:07-cv-20-WKW |
| | ) |
| WESTPORT INSURANCE CORP., *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendants Westport Insurance Corporation ("Westport") and Claims Management Services, Inc., ("Claims Management") removed this case from the Circuit Court of Montgomery County, Alabama, on January 4, 2007. Before the court is Ellis Motor Cars, Inc.'s ("Ellis") Motion to Remand (Doc. # 13), which is due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

This is an action in which plaintiff seeks unspecified compensatory and punitive damages for various causes of action, including breach of contract, fraudulent misrepresentation, negligence and wantonness. The complaint arises out of Ellis's allegations that defendants Westport, Claims Management, PLS Claims, Inc., Ben Hart, Michael Gates, and Chris Dickert failed to properly inspect and pay for hail damage to Ellis's automobiles. Chris Dickert is the only defendant who is a resident of Alabama, and the petition for removal asserts that there is no possibility of a recovery against him and that his presence in the suit should be ignored for purposes of diversity jurisdiction. In their notice of removal, Westport and Claims Management allege that the value of Ellis's claims "on information and belief are in excess of $75,000, exclusive of interest and costs." (Not. of Rem.

¶ 9.) No other information regarding the amount in controversy is provided in the removal documents. Additionally, the defendants request the opportunity to take post-removal discovery on issues related to jurisdiction in the event Ellis seeks remand. Defendant Gates is unserved, but all other defendants resist remand.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to motions to remand cases removed to this Court pursuant to 28 U.S.C. § 1441, the law of this Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*. Removal is proper if a federal court would have had original diversity or federal question jurisdiction over the initial action. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing the existence of federal jurisdiction. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). For purposes of diversity jurisdiction, a federal court has original jurisdiction over an action where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The court will analyze whether it has jurisdiction under 28 U.S.C. § 1332.

## III. DISCUSSION

The defendants have the burden of establishing diversity jurisdiction.[1] "Where, as here, the

---

[1] Because amount in controversy does not exceed $75,000, the court pretermits discussion of whether defendant Dickert has been fraudulently joined as a resident defendant.

plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id.* The district court must determine the propriety of removal on the basis of the "limited universe of evidence available when the motion to remand is filed" in accordance with the scheme set forth in 28 U.S.C. § 1446 (b) and § 1447 (c). *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007)[2]. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." *Id*. at 1211.

Gates and Claims Management claim the jurisdictional amount is supplied by Ellis's allegation that the defendants "inspected some of the damaged automobiles and paid the approximate sum of $154,000.00 to Plaintiff for damage to said automobiles." (Compl. ¶ 6.)  The defendants therefore conclude that "[t]he complaint on its face demonstrates that the amount in controversy exceeds the sum of $75,000, exclusive of interest and cost." (Gates' Br. n.1.)[3]  However, the plaintiff prays not for the $154,000 paid by the defendants for a portion of the damage to the

---

[2]  Although *Lowery* was decided in a Class Action Fairness Act case, its holdings are not limited to that context.  *See Constant v. Int'l House of Pancakes*, __ F. Supp. 2d __, No. 07-AR-0072-S, 2007 WL 1346604 (N.D. Ala. Apr. 30, 2007) (Acker, J.).

[3]  While this assertion is not contested by Ellis, it is the prerogative and duty of the court to ensure that the jurisdictional requirements of § 1332 are met.  *See Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999).

automobiles, but for "*full* compensation for the damages to [the] automobiles . . . ." (Compl. ¶ 10 (emphasis added)). The amount of full compensation that the plaintiff seeks is nowhere stated on the face of the removal documents nor is there a hint as to the value of the claim. The court cannot summarily conclude that the amount in controversy exceeds $75,000 without evidence appearing in the removal documents that would suggest that such is the case. To do so would reduce the defendants' burden of establishing the amount in controversy by a preponderance of the evidence to an ambiguous suggestion of the jurisdictional amount. Under *Lowery*, district courts are no longer able to "speculate in an attempt to make up for the notice's failings." *Lowery*, 483 F.3d at 1215. Defendants therefore have failed to establish diversity jurisdiction.

Westport and Claims Management alternatively seek to conduct limited discovery on the issue of jurisdiction. This request must be denied pursuant to *Lowery*:

> A district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery. Doing so impermissibly lightens the defendant's burden of establishing jurisdiction. A court should not participate in a one-sided subversion of the rules. The proper course is remand.

*Id.* at 1218 (footnotes omitted). Accordingly, no jurisdictional discovery will be allowed.

### IV.  CONCLUSION

For the foregoing reasons, defendants have not met their burden of establishing diversity jurisdiction. It is hereby ORDERED that:

1. The Motion to Remand (Doc. # 13) is GRANTED and the request for jurisdictional discovery is DENIED;

2. This case is REMANDED to the Circuit Court of Montgomery County;

3. The Clerk is DIRECTED to take appropriate steps to effect the remand; and

    4.       Any pending motions are left for resolution by the Circuit Court of Montgomery County, Alabama.

DONE this 5th day of July, 2007.

                                            /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE